IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **OLIVIA SLIGH,** | Civil Action No.:4:20-cv-1417 |
| | (Jury Trial) |
| *Plaintiffs,* | |
| V. | |
| **CITY OF CONROE, TEXAS, and** | |
| **JOHN DOE CONROE OFFICERS,** *Individually,* | |
| *Defendants.* | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

**NOW COMES** Plaintiff **OLIVIA SLIGH** complaining of Defendants **CITY OF CONROE, TEXAS** and **JOHN DOE CONROE POLICE OFFICERS** and will show the Court the following:

## NUTSHELL

1. Unarmed Olivia Sligh, 24, mother of two, in shorts and tank top was suicidal and near her home in a wooded area. Two Conroe police officers approached Olivia and attacked her with a German Shepard causing severe bite injuries to her ankle, thigh, and hip area. The German Shepard was owned by the City of Conroe, Texas for police purposes.

2. Plaintiff sues under the Americans with Disabilities Act, 42 USC Section 1983, and state law claims of assault.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiffs' state law claims.

4. Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Montgomery County, Texas, within the United States Southern District of Texas.

## PARTIES

5. Plaintiff Olivia Sligh is a resident of Missouri.

6. Defendant City of Conroe, Texas is a governmental unit existing within the U.S. Southern District of Texas and can be served with process by serving the City Secretary currently Soco M. Gorjon at 300 W. Davis, Conroe, Texas 77301.

7. Defendant John Doe Conroe Officers, individually, when identified can be served with process at 2300 Plantation Dr., Conroe, TX 77303 or wherever they are found.

## FACTS

8. Olivia Sligh ("Olivia"), 24, was at her home in Conroe, Texas the night of July 4, 2018. She lived there with her boyfriend and her two children, a two-year old daughter and four-year old son.

9. Olivia suffers from bipolar disorder, anxiety and depression. Olivia is five foot, six inches tall and weighed around 145 pounds.

10. Due to a recent change in her psychotropic medications she became suicidal and cut herself with a foot scraper which had a razor blade in it.

11. Olivia's boyfriend called 911 to report that Olivia has hurt herself.

12. Olivia left the house and went to a wooded area. Olivia had on shorts and a tank top. She had no weapons of any kind nor was she carrying anything.

13. The Montgomery County Sheriff's Office and the Conroe Police Department responded to the 911 call.

14. Two Conroe police officers ("John Doe Conroe Officers") arrived at the scene. One ("The Handler") had a German Shepard on a leash with him that was owned by the City of Conroe. The German Shepard weighed 20 to 30 pounds. Both John Doe Conroe Officers were much larger than Olivia and immensely larger than the German Shepard.

15. The two Conroe police officers with the German Shepard on a leash came upon Olivia and shined their flashlights upon Olivia.

16. The German Shepard began biting Olivia and bit her several times upon the ankle and thigh. At the time of the vicious attack Olivia was not assaulting any officer nor was she threatening to do so. She was unarmed.

17. The John Doe Conroe Officers were not bitten by the German Shepard and had no injuries.

18. Olivia was taken to Conroe Regional Medical Center where she received stitches and other treatment for her many dog bites. Olivia stayed at the hospital for about a week. The German Shepard was purchased by the City of Conroe.

19. The Handler was trained by the City of Conroe.

## CAUSES OF ACTION

## 42 USC SECTION 1983 DEFENDANT CONROE AND JOHN DOE CONROE OFFICERS

20. Plaintiff reasserts all previous paragraphs as if fully set forth herein.

21. The Fourth Amendment guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV*. Fourth Amendment violation are actionable under 42 U.S.C. Section 1983.

22. Defendants City of Conroe and John Doe Conroe Officers violated Olivia's Fourth Amendment and Fourteenth Amendments rights, at least, when she was brutally attacked and bitten several times by the Conroe police dog while in the control of John Doe Conroe Officers.

23. The force used upon Olivia was not objectively reasonable nor did the John Doe Conroe Officer have an objectively reasonable belief that the force used was lawful. The totality of circumstances in this case, viewed from the standpoint of an objectively reasonable police officer, would be that the force used upon Olivia was unreasonable and excessive.

24. City of Conroe did not have adequate written policies, or train or supervise the German Shepard and John Doe Officers such ass to prevent the excessive force used upon Olivia.

25. City of Conroe condoned and ratified the actions of the John Doe Conroe Officers by failing to discipline or retrain them.

## FALIURE TO INTERVENE/BYSTANDER LIABILITY

26. Plaintiff reasserts all previous paragraphs as if fully set forth herein.

27. The John Doe Conroe Officer are liable for failure to intervene in the excessive force.

28. An officer may be liable under § 1983 under a theory of bystander liability where the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). In *Whitley*, the Fifth Circuit acknowledged the theory of bystander liability for excessive force claims. *Whitley*, 726 F.3d at 646; *See Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (holding that an officer who is present at the scene and does not take reasonable measures to protect a

suspect from another officer's use of excessive force may be liable under section 1983); *Ware v. Reed*, 709 F.2d 345, 353 (5th Cir.1983) (concluding that an "instruction on the defendant's alleged acquiescence in the unconstitutional conduct of other officers should have been given").

### 42 U.S.C. § 12131-12134, 12182: AMERICANS WITH DISABILITIES ACT

29. Plaintiff reasserts all previous paragraphs as if fully set forth herein.

30. City of Conroe violated Title II of the ADA (42 U.S.C. §l2l3l-l2134, 12131(2), 12182) and Section 504 of the Rehabilitation Act (29 U.S.C. §794).

31. Title II of the ADA applies to the County. Title II affirmatively requires that governmental agencies modify and accommodate their practices, policies, and procedures as necessary to avoid discriminating against individuals with disabilities. Olivia suffered from depression, anxiety, bipolar disorder and was suicidal.

32. Further, City of Conroe been, and is, a recipient of federal funds. Thus, City of Conroe must comply with Section 504's mandate. Section 504 requires that federal money recipients reasonably accommodate persons with disabilities in their program activities and services and reasonably modify such services and programs to accomplish this purpose.

33. City of Conroe is a public entity and its law enforcement department qualifies as a program and service for purposes of Title II of the ADA and Section 504

34. The City of Conroe violated Title H of the ADA and Section 504 by:

> a. Failing and refusing to reasonably modify and accommodate police department operations and services for Olivia which would include not using a police dog to gain compliance by biting a person such as Olivia and educating and training officers in the arrest of individuals like Olivia. The City of Conroe and its police department made no modifications or accommodations;

      b. Failing and refusing to adopt a policy to protect the well-being of people like Olivia, persons with disabilities such as bipolar disorder, anxiety, depression, and suicidal;

      c. Discriminating against Olivia, as a sufferer of bipolar disorder, anxiety, depression, and suicidal, in the provision of services by the police department, on the basis of her disability, by not accommodating her needs related to her disability; and,

      d. Failing to conduct a self-evaluation plan under the ADA and Section 504, and then failing to modify its programs and services to accommodate the needs of persons with mental disabilities, such as Olivia, when called upon to provide service.

35. Plaintiffs seek damages, as well as declaratory and injunctive relief, under the ADA and Section 504.

## ASSAULT BY OFFENSIVE PHYSICAL CONTACT

36. Plaintiff reasserts all previous paragraphs as if fully set forth herein.

37. The elements of a cause of action for assault by offensive physical contact are the following: (1) the defendant acted intentionally or knowingly, (2) the defendant made contact with the plaintiff's person, and (3) the defendant knew or reasonably should have believed that the plaintiff would regard the contact as offensive or provocative. Tex. Pen. Code §22.01(a)(3). The basis for an action for assault by offensive physical contact is the unpermitted or intentional invasion of the plaintiff's person, not the harm done to the plaintiff's body. *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 630 (Tex.1967). In an action for assault by offensive physical contact, the plaintiff can recover actual damages for mental anguish even without showing physical injury. *Id*. In order to impose liability upon an

employer for the tort of its employee under the doctrine of respondeat superior, the act of the employee must fall within the scope of the general authority of the employee and must be in furtherance of the employer's business for the accomplishment of the object for which the employee was hired. *Dieter v. Baker Serv. Tools*, 739 S.W.2d 405 (Tex.App.—Corpus Christi 1987, writ denied).

38. Lacking a good faith belief that their actions were legal the John Doe Conroe Officers are liable for assault.

## PUNITIVE DAMAGES

39. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

40. All individual defendants are liable for punitive damages. The City of Conroe employee defendants were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## ATTORNEY'S FEES

41. Olivia is entitled to recover attorneys' fees and costs to enforce their Constitutional rights and under 42 U.S.C. Sections 1983 and 1988, the ADA, and Section 504 from Defendants.

## JURY TRIAL

42. Plaintiff demands trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

43. WHEREFORE, Plaintiff Olivia Sligh requests that the Court:

A. Enter judgment for Plaintiff against City of Conroe and each and every individually named defendant jointly and severally;

B.	Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against City of Conroe and the individually named defendants, jointly and severally;

C.	Award damages to Plaintiff for the violations of her Constitutional rights and states law claims;

D.	Award Pre- and post-judgement interest;

E.	Award Punitive damages against all individually named defendants;

F.	Order City of Conroe to implement policies and train employees in ADA accommodations; and

G.	Grant such other and further relief as appears reasonable and just, to which, Plaintiffs shows themselves entitled.

Respectfully Submitted,

<u>/s/ Randall L. Kallinen</u>
Kallinen Law PLLC
Randall L. Kallinen
State Bar of Texas No. 00790995
U.S. Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:	713.320.3785
FAX:	713.893.6737
E-mail:	AttorneyKallinen@aol.com
Attorney for Plaintiff