UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLIVIA SLIGH, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-01417 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| CITY OF CONROE, *et al*, | § | |
| Defendants. | § | |

### ORDER ON DISMISSAL

The motion filed by Defendant Tyson Sutton to dismiss the state-law tort claims asserted against him by Plaintiff Olivia Sligh is granted. Dkt 28.

Sligh at hearing abandoned the state-law tort claims that she had previously asserted against the City, the County, and Montes. Those were dismissed with prejudice. See Dkt 43. But she maintained her assertion of such claims against Sutton. The parties were directed to submit supplemental briefs on the subject. They have done so. Dkts 46, 47.

The Texas Tort Claims Act provides that when suing in tort, a plaintiff must elect to sue either a governmental entity or an employee of that entity. See Texas Civ Prac & Rem Code § 101.106; see also *Sweetin v Texas City*, 2020 WL 6130881, *1 (SD Tex). Where a plaintiff brings a tort claim against a governmental entity, her action "constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex Civ Prac & Rem Code § 101.106(a). And "when a plaintiff fails to elect and sues both the unit and an employee, the employee must be dismissed from the action 'immediately' upon the unit's motion." *Sweetin*, 2020 WL 6130881 at *1, quoting Tex Civ Prac & Rem Code § 101.106(e).

Sligh brought tort claims against the City of Conroe. See Dkt 23 at pp 48–49. In doing so, she irrevocably elected to pursue tort claims against the City of Conroe. That those claims have since been dismissed doesn't change the result. "Once the election is made," it can't be undone. *Sweetin*, 2020 WL 6130881 at \*1–2 (plaintiff barred from pursuing false imprisonment claim asserted against individual officer where also asserting that claim against governmental unit).

Sutton all along argued that he should be dismissed, pointing to Tex Civ Prac & Rem Code § 101.106(f). See Dkt 28. The City originally moved on alternate grounds provided by Tex Civ Prac & Rem Code § 101.057. See Dkt 27 at 22–23. Neither of those sections need be addressed. This is so because, at hearing and in its supplemental filing, the City made clear that it was also moving on the basis of Tex Civ Prac & Rem Code § 101.106(e). As such, the state-law tort claims asserted against Sutton must also be dismissed.

The motion to dismiss filed by Defendant Tyson Sutton to dismiss the state-law tort claims asserted against him by Plaintiff Olivia Sligh is GRANTED. Dkt 28. Those claims are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on May 18, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge